UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 20-mj-30487-001

v.

        R. Steven Whalen
        United States Magistrate Judge

KADEN ELIZABETH GILBERT,

        Defendant.
_____/

**DEFENSE MOTION
FOR COMPETENCY EVALUATION**

NOW COMES the Defendant, KADEN E. GILBERT, by and through counsel, Bryan J. Sherer of the Federal Defender Office, moves this Honorable Court to enter an order referring the Defendant for an evaluation for competency to stand trial pursuant to 18 U.S.C. § 4241(a) and (b). In support of Counsel's Motion he states as follows:

    1.    Defendant is currently ordered temporarily detained, following her initial appearance before Magistrate Judge Curtis Ivy, on November 19, 2020, for allegations made pursuant to a criminal complaint with First Degree Murder, in violation of 18 U.S.C. § 1111(a).

Case 1:20-mj-30487-PTM   ECF No. 9, PageID.13   Filed 11/24/20   Page 2 of 11

2. Defendant is currently scheduled for a detention hearing before this Court on November 24, 2020 at 1:00 p.m.

3. On Sunday, November 22, 2020, counsel met with Ms. Gilbert to consult her, via zoom technology, while she is housed at Isabella County Jail. Her behavior during this consult was both very erratic and also exhibited major depressive episodes. Ms. Gilbert informed that she takes medication at the jail for her mental health. Also, prior to her federal case, Ms. Gilbert has been under the care of several mental health professionals since the age of seven and on medication.

4. On Monday, November 23, 2020, counsel spoke with the jail nurse, Ms. Warner, who informed that Ms. Gilbert had repeatedly rammed her head against a wall at the jail, which required medical attention at the hospital. Also, Ms. Gilbert began refusing to take her medication at the jail. The nurse at the Isabella County Jail advised that Ms. Gilbert would be seen by a psychiatrist to reevaluate her medication and mental health diagnosis, because Ms. Warner and others at the jail also observed erratic behavior and felt she was not being given the proper medication.

5. On Tuesday, November 24, 2020, counsel spoke with the jail administrator at Isabella County Jail, Mr. Kevin Dush, who advised that Ms. Gilbert was not seen by the jail's psychiatrist to reevaluate her due to her erratic behavior. Ms. Gilbert had to be taken to the hospital for her self-inflicted injuries, was

screaming all night, hallucinating, and had to be sedated. Even the jail administrator, Mr. Dush, with years of experience in dealing with incompetent individuals, is of the opinion that Ms. Gilbert is not competent to proceed. See, attached exhibit (*letter from Kevin Dush, Isabella County Jail Administrator*).

6. These conversations, both with his client and jail staff, have led counsel to believe that his client, Ms. Gilbert, may be suffering from a mental illness that renders her incompetent to understand or assist in the judicial proceedings against her.

7. Title 18 U.S.C. §4241(a) provides that this Court shall grant a motion for competency determination, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings or to assist properly in his defense."

8. Based upon Ms. Gilberts statements and conduct with jail staff, and her prior conversations with counsel, the Defense requests a competency evaluation in order to proceed with future court proceedings. As such, Ms. Gilbert requests an adjournment of her detention hearing in order to have an evaluation done to determine whether she is competent to proceed.

9. Sections 4241(b) and 4247(b) provide for the evaluation and treatment of individuals by the Bureau of Prisons (hereinafter "BOP") for the purpose of

3

rendering them competent to stand trial. As such, Ms. Gilbert requests that she be transported to BOP and evaluated under the procedure set forth under the statute.

10. Based on counsel's own observations, as well as Ms. Gilbert's documented prior mental health history, counsel is of the belief that reasonable cause exists to believe Ms. Gilbert may be suffering from a mental disease or defect rendering her incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to properly assist in her own defense pursuant to 18 U.S.C. §4241(a).

11. Because Ms. Gilbert is at the pre-indictment stage, she is required to have her preliminary hearing within a reasonable time and not more than 14 days after the initial appearance if in custody, but no later than 21 days if he is on bond. Fed. R. Crim. P. 5.1(c). However, Fed. R. Crim. P. 5.1(d) permits the time period to be extended upon Defendant's consent and a showing of good cause, or without consent if extraordinary circumstances exist and justice so requires. Here, Ms. Gilbert consents by way of bringing this motion, or if it is not found, the Court should find that extraordinary circumstances exist in this matter.

12. Since Ms. Gilbert has been arrested and brought to appear before this Court she must be indicted within 30 days. 18 U.S.C. §3161(b). The Speedy Trial Act, 18 U.S.C. §§ 3161 – 3174, requires that in any case in which the defendant has not entered a guilty plea, then trial must commence within 70 days of the filing of

the indictment or the date of defendant's arraignment, whichever occurs later. § 3161(c)(1); *United States v. Tinklenberg*, 563 U.S. 647, 131 S.Ct. 2007, 2010, 179 L.Ed.2d 1080 (2011). Here, Ms. Gilbert has been neither arraigned nor an indictment filed.

13. The time period of delay shall be excluded in computing the time within which to file an indictment which will result from any delay due to any examinations to determine mental competency. 18 U.S.C. §3161(h)(1)(A).

14. Pursuant to Local Court Rule 7.1, undersigned counsel sought the concurrence of the Government in the requested relief. The Government has no objection.

THEREFORE, Defendant, Ms. Gilbert, respectfully requests that this Honorable Court enter an Order for a competency evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

Respectfully submitted,

s/ Bryan J. Sherer (P69254)
Attorney for Defendant
Federal Defender Office
111 East Court St., Suite L-100
Flint, Michigan 48502
(810) 232-3600
Bryan_sherer@fd.org

Dated: November 24, 2020

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KADEN ELIZABETH GILBERT,

        Defendant.
_____/

Case No. 20-mj-30487-001

R. Steven Whalen
United States Magistrate Judge

**<u>BRIEF IN SUPPORT OF
MOTION FOR COMPETENCY EVALUATION</u>**

## Discussion

Section 4241 of Title 18 of the United States Code addresses the proper procedure for competency evaluations, and provides that "the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." The statute explains that the court "shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241 (a). Sections 4241(b) and 4247(b) provide for the evaluation and treatment of individuals by the Bureau of Prisons for the purpose of rendering them competent to stand trial.

Defense counsel maintains that at the present time there is a need for a competency evaluation based upon counsel's interactions with Ms. Gilbert, including those observations by jail staff in Isabella County Jail. Counsel for Defendant brings this Motion because of the difficulty he has had in communicating with Ms. Gilbert, as well as her documented prior mental health history. As a consequence, counsel feels that reasonable cause exists to believe that Defendant may be suffering from a mental disease or defect that has rendered her mentally incompetent to the extent that she is unable to understand the nature and

2

consequences of the proceedings against him or to properly assist in his defense, pursuant to 18 U.S.C. §4241(a).

## Relief Requested

For the aforementioned reasons, counsel requests a court order for a competency evaluation, and that a report be prepared and submitted to this Court, with copies provided to counsel for Defendant and the Government, so that a hearing may be conducted pursuant to 18 USC §4247(d) to determine Defendant's competency.

Accordingly, Defendant requests that pursuant to §§ 4241(b) and 4247(b) and (c), that the Court order:

(1.) Defendant be committed for examination for a reasonable time, not to exceed 30 days, at a suitable facility that is located closest to the Court for the Eastern District of Michigan;

(2.) The examination include both psychiatric and psychological examination of defendant;

(3.) A report be prepared and submitted to the the Court, including copies for both parties, which includes:

    (a.) defendant's history and present symptoms, if any;

    (b.) a description of the psychiatric, psychological or medical tests that were employed and their results, including the number and duration of observations made by the examiner;

(c.) the name of the examiner and their findings as to competency to proceed, as well as the examiner's opinions as to diagnosis and prognosis; and

(d.) a determination as to whether defendant presently suffers from a mental disease or defect which would render him mentally incompetent, to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense; and

(e.) personality and cognitive (IQ) assessments and similar testing be administered, and the results of those findings be sufficiently documented to enable the defendant's test results being compared to the general population.

THEREFORE, Defendant respectfully requests that this Honorable Court enter an Order for a competency evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

                Respectfully Submitted,

                s/Bryan J. Sherer (P69254)
                Attorney for Defendant
                Federal Defender Office
                111 East Court Street
                Suite L-100
                Flint, Michigan 48502
                (810) 232-3600
                bryan.sherer@fd.org

Dated:  November 24, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the Assistant U.S. Attorney of record.

                s/Bryan J. Sherer

5

| | |
|---|---|
| **From:** | Bryan Sherer |
| **Sent:** | 11:44 AM |
| **To:** | Kranz, Roy (USAMIE) |
| **Cc:** | Melissa Bellamy |
| **Subject:** | FW: KG in Isabella County Jail |

**From:**
**Sent:** Tuesday, November 24, 2020 11:28 AM
**To:** Bryan Sherer <Bryan_Sherer@fd.org>
**Cc:**
**Subject:** KG in Isabella County Jail

Good morning Mr Sherer,

   Thank you for taking the time to talk with me this morning.  I am writing regarding Kaden Gilbert who is a US Marshal's inmate currently incarcerated here in the Isabella County Jail.  I write asking for your help.  I have worked for the Isabella County Sheriff's Office for 19 years in a number of different capacities, and have been the Jail Administrator since 2017.  It is my opinion, and that of my medical staff, that Miss Gilbert suffers from some form of severe mental illness and that incarceration in this facility is not appropriate.  So much so, that following a self-harm incident yesterday, we sought hospitalization and our psychiatrist advocated for admitting her to a psych unit.  I am well versed in the process for seeking alternative placement for my inmates in the state court system, however this is my first time attempting to navigate the process through the US Court system.  Through the state process, once ordered by the court, we would take an inmate to the Center for Forensic Psychiatry for evaluations.

   In my experience, whether as a corrections officer having regular contact with the inmates, as a deputy conducting the transports spending hours in the car with them and in a waiting room at the Forensic Center, or as an administrator working with the courts, attorneys, and forensic center staff, I have seen time and again that the majority of inmates evaluated are found to be competent.  As anecdotal "evidence" I would offer that in my 19 years with the sheriff's office, I can only recall two inmates being found not competent and ordered to the Center for Forensic Psychiatry.  The vast majority are found to be competent by the state psychiatrists.

   I offer that as, based on my experience, I believe it is appropriate to move forward with whatever system the US Court has in place for determining whether Miss Gilbert is competent.  I suspect they will find she is not, and I hope that if that is the case, they would place her in more appropriate housing better equipped to manage inmates with severe mental illness.

   She did begin taking her medication that her family brought in, and took it over the weekend but complained that it was hurting her stomach.  I was going to get into more but have been pulled away from writing this several times already.  I will write more later but wanted to get this to you as soon as possible.  To summarize the incident yesterday which led to the hospitalization, at about 2pm our officers noticed blood on the floor of her cell where she was behind the privacy wall for the toilet.  The officers went into the cell and found she had a laceration on her forehead and was hitting her head against the brick wall and a piece of metal on the wall.  She continued to hit her head against it while the officers tried to pull her away from it.  She suffered multiple lacerations on and about her forehead and eyebrow and was taken to a local hospital by ambulance.  There she was treated for acute psychosis (unspecified type, the forehead lacerations, and a closed head injury.  She was discharged and returned to jail at about 11:30 last night.[1]

       Thank you in advance,